UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
LAWDY LUCTAMA and                              :
ASHNEY LUCTAMA,                                :
                          Plaintiffs,          :
                                               :          **OPINION AND ORDER**
                                               :
v.                                             :
                                               :          19 CV 8717 (VB)
                                               :
JEFFREY MARKS KNICKERBOCKER,                    :
                          Defendant.           :
-------------------------------------------------------------x

Briccetti, J.:

Plaintiffs Lawdy and Ashney Luctama bring this negligence action against defendant

Jeffrey Marks Knickerbocker, arising out of a car accident in Connecticut.

Now pending is defendant's motion to dismiss the complaint under Rule 12(b)(2) for lack

of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim. (Doc. #7).

For the following reasons, the motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1).

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-

pleaded allegations in the complaint and draws all reasonable inferences in plaintiffs' favor, as

summarized below.

Plaintiffs are citizens of New York, and defendant is a citizen of Connecticut.[1]  On

September 20, 2016, plaintiffs were travelling by car on Route 15 in Norwalk, Connecticut,

---

[1]      By Order dated September 20, 2019, the Court instructed plaintiffs' counsel to explain in
adequate detail the parties' citizenship for purposes of diversity jurisdiction, because the
complaint alleges plaintiffs "are residents" of Westchester, New York and defendant "is a
resident" of Wallingford, Connecticut.  (Doc. #5).  In response, counsel informed the Court
plaintiffs are citizens of New York and, upon information and belief, defendant is a citizen of
Connecticut.  (Doc. #6).

when they were rear-ended by defendant.  According to plaintiffs, the accident was caused by defendant's failure to operate his vehicle in a reasonably safe manner.

Plaintiffs commenced the instant action on September 19, 2019.  They allege serious and permanent physical injuries, and each seeks damages of $1,000,000.

## DISCUSSION

### I.  Legal Standards

"Where a defendant moves for dismissal under Rules 12(b)(2) . . . and (6), the Court must first address the preliminary [question] of . . . personal jurisdiction."  Hertzner v. U.S. Postal Serv., 2007 WL 869585, at *3 (E.D.N.Y. Mar. 20, 2007)[2]; see also Arrowsmith v. United Press Int'l, 320 F.2d 219, 234 (2d Cir. 1963) (remanding to district court to resolve issues relating to jurisdiction, then venue, "before any further consideration of the merits").

#### A.  Rule 12(b)(2)

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the "plaintiff bears the burden of showing that the court has jurisdiction over the defendant."  In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 206 (2d Cir. 2003).  "Where, as here, a court relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the plaintiff need only make a prima facie showing that the court possesses personal jurisdiction over the defendant."  DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001).  "This prima facie showing must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant."  Newmont Mining Corp. v. AngloGold Ashanti Ltd., 344 F. Supp. 3d 724, 735 (S.D.N.Y. 2018) (quoting Metro. Life Ins.

---

[2]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996)).  "[A]ll pleadings and affidavits must be construed in the light most favorable to [plaintiff] and all doubts must be resolved in . . . plaintiff's favor."  Landoil Res. Corp. v. Alexander & Alexander Servs. Inc., 918 F.2d 1039, 1043 (2d Cir. 1990).

B.    Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

A motion to dismiss based on the expiration of the applicable statute of limitations "generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6)."  Adams v. Crystal City Marriott Hotel, 2004 WL 744489, at *2 (S.D.N.Y. Apr. 6, 2004) (citing Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989)).  Indeed, "Rule (12)(b)(6) provides the most appropriate legal basis for a motion to dismiss on statute of limitations grounds, because expiration of the statute of limitations presents an affirmative defense."  Id. (citing Fed. R. Civ. P. 8(c); Bano v. Union Carbide Corp., 361 F.3d 696, 701 (2d Cir. 2004)).

"[T]he defendants bear the burden of establishing the expiration of the statute of limitations as an affirmative defense, [because] a pre-answer motion to dismiss on this ground

may be granted only if it is clear on the face of the complaint that the statute of limitations has run." Mosdos Chofetz Chaim, Inc. v. RBS Citizens, N.A., 14 F. Supp. 3d 191, 209 (S.D.N.Y. 2014).

II.     Lack of Personal Jurisdiction

Defendant argues plaintiffs have not made a prima facie showing that this Court possesses personal jurisdiction over defendant.

The Court agrees.

To determine whether personal jurisdiction exists over a non-domiciliary defendant in a diversity action brought in federal court, the Court engages in a two-step inquiry. Chloe v. Queen Bee of Beverly Hills, LLC, 616 F.3d 158, 163 (2d Cir. 2010). First, the Court determines whether the forum state's law permits the exercise of jurisdiction over the defendant. Id. If the exercise of personal jurisdiction is deemed appropriate under the forum state's long-arm statute, "the second step is to analyze whether personal jurisdiction comports with the Due Process Clause of the United States Constitution." Id. at 164. The second step is required only if the forum state's jurisdictional requirements are satisfied. Best Van Lines, Inc. v. Walker, 490 F.3d 239, 244 (2d Cir. 2007).

"CPLR § 302 is New York's long-arm statute permitting jurisdiction over an out-of-state defendant." Bidonthecity.com LLC v. Halverston Holdings Ltd., 2014 WL 1331046, at *3 (S.D.N.Y. Mar. 31, 2014). The statute allows a court within this forum to exercise personal jurisdiction over a non-resident defendant who:

> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortious act within the state; or (3) commits a tortious act without the state causing injury to person or property within the state; or (4) owns, uses or possesses any real property situated within the state.

Wohlbach v. Ziady, 2018 WL 3611928, at *2 (S.D.N.Y. July 27, 2018) (quoting N.Y. C.P.L.R. § 302(a)).

Plaintiffs argue, without citation to any legal authority, that the Court may exercise personal jurisdiction over defendant "by virtue of the issuance of the summons by this Court and thereafter by service of this Court's initiating documents upon defendant at his residence" in Connecticut. (Doc. #12 ("Pl. Mem.") ¶ 34).

This argument fails. "[A] plaintiff's unilateral activities cannot support a finding of personal jurisdiction over a defendant." Gordian Grp., LLC v. Syringa Expl., Inc., 168 F. Supp. 3d 575, 589 (S.D.N.Y. 2016). Rather, as noted above, the forum state's long-arm statute must permit the exercise of personal jurisdiction over defendant, and such exercise also must comport with constitutional due process.

Plaintiffs cannot manufacture a basis for personal jurisdiction merely by filing suit in a forum of their choosing. Accordingly, the Clerk of Court's issuance of a summons and plaintiffs' subsequent service of process on defendant outside the forum state are plainly insufficient to establish a prima facie showing that this Court possesses personal jurisdiction over defendant.

Plaintiffs also argue the Court may exercise personal jurisdiction over defendant because he retained a New York attorney to represent him in this action and provided information and documents to his attorney, and because his attorney communicated with plaintiffs' attorney about this action and the possibility of settlement.

This argument, too, is meritless. Section 302(a)(1), which allows a court to exercise personal jurisdiction over a non-domiciliary who, either himself or through an agent, transacts business within the state, requires such "business within the forum state [to] have been

substantially related to the plaintiff's cause of action." <u>Mercer v. Rampart Hotel Ventures, LLC</u>, 2020 WL 882007, at *6 (S.D.N.Y. Feb. 24, 2020). Indeed, a plaintiff must show his "claim arises from a particular transaction when there is some articulable nexus between the business transacted and the cause of action sued upon, or when there is a substantial relationship between the transaction and the claim asserted." <u>Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC</u>, 450 F.3d 100, 103 (2d Cir. 2006).

Moreover, "it is well established that a defendant does not waive its right to contest jurisdiction simply by moving to dismiss for lack thereof." <u>Swindell v. Fla. E. Coast Ry. Co.</u>, 42 F. Supp. 2d 320, 324 (S.D.N.Y. 1999).

Here, defense counsel's representation in this matter forms no part of plaintiffs' claims, which arise solely from a car accident in Connecticut. That defendant retained a New York attorney to defend against plaintiffs' claims does not amount to business transacted in New York that is substantially related to plaintiffs' claims. Defense counsel's representation therefore does not satisfy New York's long-arm statute. To hold otherwise would run afoul of the prodigious body of case law respecting Section 302(a)(1). <u>See</u>, <u>e.g.</u>, <u>Swindell v. Fla. E. Coast Ry. Co.</u>, 42 F. Supp. 2d at 324 (hiring of New York counsel to contest personal jurisdiction is insufficient to establish personal jurisdiction).

Finally, plaintiffs argue that because defendant submitted with his motion an affidavit and a copy of his driver's license, and because the motion does not specify the provisions of Rule 12(b) under which defendant moves to dismiss, defendant's motion "can arguably be described as a converted summary judgment motion," and therefore defendant has waived his right to challenge personal jurisdiction. (Pl. Mem. ¶ 28).

This too-clever-by-half argument borders on the frivolous.

Rule 12 makes clear that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading," and that a party may assert by motion the defense of lack of personal jurisdiction. Fed. R. Civ. 12(b). Moreover, "[i]n reviewing a Rule 12(b)(2) motion, a court may consider documents beyond the pleadings in determining whether personal jurisdiction exists," Minholz v. Lockheed Martin Corp., 227 F. Supp. 3d 249, 255 (S.D.N.Y. 2016), including affidavits. See DiStefano v. Carozzi N. Am., Inc., 286 F.3d at 84.

Here, there is no basis to treat defendant's motion as one for summary judgment. Moreover, defendant cannot be said to have waived his right to challenge plaintiffs' claims for lack of personal jurisdiction. In accordance with the Federal Rules, defendant raised his jurisdictional challenge in his first response to the complaint—the instant motion.

For the reasons above, plaintiffs have failed to plead facts suggesting New York's long-arm statute permits the exercise of personal jurisdiction over defendant. And because plaintiffs have not done so, this Court need not address the question of whether the exercise of personal jurisdiction over defendant would comport with the requirements of due process. Best Van Lines, Inc. v. Walker, 490 F.3d at 244.

Accordingly, the Court lacks personal jurisdiction over defendant, and plaintiffs' claims are subject to dismissal.

III.   Request to Transfer to Proper Venue

Plaintiffs argue that in the event the Court concludes it lacks personal jurisdiction over defendant, it should transfer this action to the "proper District Court . . . in a manner as to allow application of New York's applicable 3-year statute of limitations in the transferee court," rather than dismiss the case outright. (Pl. Mem. ¶ 40). Defendant counters that a transfer to the only proper venue—the District of Connecticut—would be inappropriate and futile.

The Court agrees with defendant.

A.     Plaintiffs' Choice of Venue Is Improper

Under 28 U.S.C. § 1391, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents
    of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving
    rise to the claim occurred, or a substantial part of property that is the subject of
    the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided
    in this section, any judicial district in which any defendant is subject to the
    court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b)(1)-(3).

Venue is improper in this district because defendant does not reside in New York, the car

accident giving rise to plaintiffs' claims occurred in Connecticut, not New York, and defendant

is not subject to personal jurisdiction in New York.

B.     Transfer to the District of Connecticut

"If venue is improper in the federal district court in which the action was filed, the

decision whether to transfer or dismiss is evaluated under 28 U.S.C. § 1406(a) and lies within the

sound discretion of the district court."  Graczyk v. Verizon Commc'ns, Inc., 2020 WL 1435031,

at *6 (S.D.N.Y. Mar. 24, 2020).  "[D]istrict courts are instructed to dismiss an action brought in

the wrong venue, 'or if it be in the interest of justice, transfer such case to any district or division

in which it could have been brought.'"  Gonzalez v. Hasty, 651 F.3d 318, 324 (2d Cir. 2011)

(quoting 28 U.S.C. § 1406(a)).   District courts, however, should refrain from transferring a case

when it "is a sure loser."  Id.

"[F]or the purpose of deciding whether transfer is in the interest of justice under § 1406,

this Court will examine whether the action was timely at the commencement of the case."  Allen

v. Indivior Inc., 2018 WL 3799905, at *4 (N.D.N.Y. Aug. 9, 2018). This requires application of the choice of law rules of the would-be transferee court. Gerena v. Korb, 617 F.3d 197, 204 (2d Cir. 2010) ("If a district court receives a case pursuant to a transfer under [Section] 1406(a) for improper venue, . . . it logically applies the law of the state in which it sits, since the original venue, with its governing laws, was never a proper option.").

Indeed, "where a plaintiff moves to transfer a case based on diversity of citizenship from one federal trial court to another so as to cure a defect of personal jurisdiction over the defendant, the state law of the transferee forum governs the action for purposes of the statute of limitations." Levy v. Pyramid Co., 871 F.2d 9, 10 (2d Cir. 1989).

Here, the would-be transferee court is the District of Connecticut, as that judicial district is the only district in which venue would be proper. "Under Connecticut law, . . . Connecticut's own statutes of limitations will usually govern claims asserted in federal diversity cases in Connecticut." Slekis v. Nat'l R.R. Passenger Corp., 56 F. Supp. 2d 202, 204 (D. Conn. 1999). "Connecticut law specifies a two-year statute of limitations for a personal injury negligence action." Boahren v. Trifiletti, 2019 WL 688412, at *10 (D. Conn. Feb. 19, 2019) (citing Conn. Gen. Stat. § 52-584). Furthermore, under Connecticut law, "a civil action is commenced upon service on the defendant," not upon filing suit. Id. (citing Rana v. Ritacco, 236 Conn. 330, 337–38 (1996)).

Plaintiffs allege the event giving rise to their claims—the car accident in Connecticut—occurred on September 20, 2016. Thus, under Connecticut law, plaintiffs had until September 20, 2018, to commence an action upon service on defendant. However, plaintiffs commenced the instant action on September 19, 2019, nearly one year after the statute of limitations expired.

Plaintiffs argue New York's three-year statute of limitations applies in this case and that their claims are timely because they filed suit in New York. They are wrong.

> [A] plaintiff who brings an action in a district where the statute of limitations has not run, but where he cannot get personal jurisdiction over the defendant, <u>may</u> <u>not</u> <u>retain</u> the benefit of that longer limitations period by the expedient of obtaining a transfer . . . to a district where personal jurisdiction may be had but where the limitations period had expired when the case was filed.

<u>Schuman v. Mezzetti</u>, 702 F. Supp. 52, 53 (E.D.N.Y. 1988) (emphasis added); <u>see</u> <u>also</u> 32A Am. Jur. 2d <u>Federal</u> <u>Courts</u> § 1151 ("Where the plaintiff brings suit in an improper forum, the transferee court's choice-of-law rules must be applied in order to prevent a plaintiff from suing in a forum lacking venue for the purpose of using the law of that jurisdiction and transporting it to another jurisdiction in which the suit can be pursued.").

Here, the face of the complaint makes clear the applicable statute of limitations has run and this action "is a sure loser." <u>See</u> <u>Gonzalez v. Hasty</u>, 651 F.3d at 324. Because plaintiffs cannot state an actionable claim, it is not in the interest of justice to transfer the instant case to the District of Connecticut. To do otherwise would "raise false hopes and waste judicial resources." <u>Allen v. Indivior Inc.</u>, 2018 WL 3799905, at *4 (quoting <u>Phillips v. Seiter</u>, 173 F.3d 609, 610 (7th Cir. 1999)).

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #7) and close this case.

Dated: March 30, 2020
      White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge